## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Francis

v.

Unipac et al.

March 22, 1996

Case No. (Chancery) CH951506

BY JUDGE ALFRED D. SWERSKY

Plaintiff has brought this action against Defendants Unipac and New York State Higher Education Services Corporation (New York) for various causes of action arising from an alleged debt incurred in the State of New York. His claims as to Defendant New York include defamation and a declaratory judgment as to the validity of the debt.

Jurisdiction is based on the Long-Arm Statute (Code of Va., § 8.01-328.1) as New York is alleged to have transacted business in Virginia. It is agreed that this Defendant has no office nor employs personnel in Virginia. It is not authorized to transact business in Virginia. Plaintiff argues that the sending of "collection" letters to him in Virginia constitutes the transacting of business. There are two letters advising Francis of the ramifications of his failure to pay, one notice of default, and three bills for monthly payments.

New York moves to dismiss on the grounds of lack of personal jurisdiction. The motion must be granted.

Plaintiff relies primarily on *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255 (1989), in asserting jurisdiction based on the sending of the letters into Virginia. Since no other basis of jurisdiction is asserted, the sufficiency of New York's actions in sending the letters is the crucial issue. In *Nan Ya*, the contract was formed in Virginia, and the Court characterized Defendant's actions as aggressively recruiting a Virginia resident for employment and emphasized DeSantis' presence in Virginia during negotiations and during the formation of the contract. Such is not the case here.

The loan which forms the basis of the cause of action was not made in Virginia, was not assigned to Defendant in Virginia, nor has New York initiated any action in Virginia. While Virginia is described as a "single act" state, see *Kolbe, Inc. v. Chromodern*, 211 Va. 736 (1971), the analysis does not end there because of constitutional considerations. Because of these considerations, the activities must be such that Defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); see also, *Kolbe, supra*, at 739.

Nowhere in New York's correspondence does it appear that it has done so. The efforts to collect this alleged debt do not include the threat to use Virginia courts nor any Virginia administrative process. There is a vague reference to possible litigation, but the remedies asserted in the correspondence are not aimed at an invocation of the "benefits and protections" of Virginia law. The correspondence was sent to Virginia because that is where Francis now lives. Minimal collection efforts such as these are, of necessity, going to cross state lines and will, of themselves, constitute minimal contacts. Without more, the Court cannot find that constitutional considerations are satisfied.

New York's motion will be granted.